## INJURY TO A STREET CAR PASSENGER IN A COLLISION WITH AN AUTOMOBILE.

Circuit Court of Hamilton County.

THE OHIO TRACTION COMPANY v. JENNINGS MILLER.

Decided, April 9, 1910.

*Negligence—Liability of a Traction Company—For Burns Received by a Passenger Through Collision with an Automobile—Evidence that is Insufficient to Sustain a Judgment.*

Testimony which tends to show that an automobile, which had taken an unexpected course, came into collision at practically the same instant with two traction cars belonging to different companies and running on parallel tracks, and as a result of the collision a passenger on the car which was probably the last to strike the automobile was burned by the explosion of the gasoline tank on the automobile, is not sufficient to sustain a judgment in favor of said passenger for damages against the traction company on whose car he was riding.

*George H. Warrington,* for plaintiff in error.
*Workum & Bowdle,* for Jennings Miller.

GIFFEN, P. J.; SMITH, J., and SWING, J., concur.

The plaintiff in the original action was a passenger on a Millcreek Valley car owned and operated by the defendant, the Ohio Traction Company, and was burned and otherwise injured by the explosion of gasoline on an automobile which collided with a Vine-Norwood car running south on Vine street hill while the Millcreek Valley car was running north, and it is claimed in the petition that the defendant, knowing that the collision

had occurred, and that the automobile was on the north-bound track, negligently and willfully ran its car against and upon the automobile.

The plaintiff's testimony and that of two of his witnesses, at least, support his theory of the case; but one of his witnesses, Miss Cobham, is uncertain whether the automobile collided first with the Millcreek Valley car or with the Vine-Norwood car. The great weight of the testimony, however, shows that the collision, if any, between the automobile and the Millcreek Valley car was almost the same instant it struck the Vine-Norwood car. It is not unexpected nor unusual that accounts of an accident of this character given by eye-witnesses vary as to time, distance and other details, especially when observed under conditions of great excitement and confusion; and we conclude from all the evidence that the plaintiff is mistaken in his recollection and recital of the facts.

It is rightly claimed by counsel that the defendant company was bound to exercise, for the protection of its passengers, the highest degree of care consistent with the practical operation of its road; but a careful reading of the testimony fails to disclose any violation of that duty. The testimony shows that there was room for the automobile to pass the Millcreek Valley car on the left-hand or the Vine-Norwood car on the right-hand side of the street, and that there was no other vehicle or obstruction in the way. There being no necessity for the driver of the automobile to pass around the left side and in front of the Vine-Norwood car, the motorman on the Millcreek Valley car had no reason to anticipate such attempt; but on the contrary might well assume that he would take one of the two ways open for such travel. After the collision with the Vine-Norwood car, the explosion followed so soon and the flames from the burning gasoline so completely surrounded the motorman and his car that he was powerless to avoid the consequences. The instinct of self-preservation would tend to restrain the motorman from doing that which he is charged in the petition with doing, and the manifest weight of the testimony exonerates him. The judgment will be reversed for error in overruling the motion for a new trial upon the ground that the verdict is not sustained by sufficient evidence, and the cause remanded for a new trial.